# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32511 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Deshiloh J. MARTINO**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 16 March 2020

————————————

*Military Judge:* L. Martin Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 6 months, and reduction to E-1. Sentence adjudged 31 January 2018 by SpCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Lieutenant Colonel Anthony D. Ortiz, USAF; Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Amanda L.K. Linares, USAF; Mary Ellen Payne, Esquire.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

This case is before us for the second time. Previously, this court set aside the convening authority's action and returned the record of trial to The Judge Advocate General for remand to the convening authority for new post-trial

processing with assignment of conflict-free defense counsel. *See United States v. Martino*, No. ACM S32511, 2019 CCA LEXIS 520, at \*20 (A.F. Ct. Crim. App. 12 Jul. 2019) (unpub. op.) (finding Appellant met his burden of demonstrating some colorable showing of possible prejudice from post-trial processing errors). New post-trial processing has been accomplished.

Appellant was convicted pursuant to his pleas and a pretrial agreement (PTA) of three specifications of willful dereliction of duty, three specifications of wrongful use of a controlled substance (marijuana, alprazolam, and psilocybin), and one specification of wrongful distribution of alprazolam in violation of Articles 92 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a.[1] The adjudged sentence consisted of a bad-conduct discharge, confinement for eight months, and reduction to the grade of E-1.

Consistent with our remand, the staff judge advocate prepared a new recommendation to the convening authority which was served on conflict-free defense counsel. In our remand, we authorized the convening authority to order a post-trial session under Article 39(a), UCMJ, 10 U.S.C. § 839(a), if necessary, to explore the parties' understanding of the PTA. Conflict-free defense counsel did not request and the convening authority did not order a post-trial session.

In response to a new staff judge advocate recommendation, Appellant submitted new clemency matters and requested the convening authority disapprove his reduction in grade to E-1. On 26 September 2019, the convening authority took action. Consistent with the PTA, the convening authority only approved the bad-conduct discharge, six months of confinement, and reduction to the grade of E-1.

Appellant's case was docketed with our court for further review on 19 October 2019. On 25 February 2020, Appellant submitted his case to us with no specific assignment of error but did identify that the convening authority's new action contains a typographical error on line six. Specifically, Appellant's social security number is correct on the first line of the action, but on the sixth line of the action, where the social security number is repeated, the last digit is incorrect.

We considered whether it is appropriate to remand the record of trial to the convening authority once again to correct this clerical error. In particular, we considered the permissive rather than directive language of Rule for Courts-Martial 1107(g); the absence of a request by Appellant for a corrected action; the non-substantial nature of the error as Appellant's social security number

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Court-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

is correct on the first line of the new action; the absence of discernible prejudice to Appellant; and the interests of judicial economy. *See United States v. Smith*, ACM No. 39463 (f rev), 2019 CCA LEXIS 437, at *1 (A.F. Ct. Crim. App. 25 Oct. 2019) (unpub. op.), *rev. denied,* ___ M.J. ___, No. 20–0076, 2020 CAAF LEXIS 79 (C.A.A.F. 14 Feb. 2020). We conclude that under the circumstances of this case, an additional remand is not required.

Upon further review, the approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. § 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.[2]

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[2] We note an error in the promulgating order. The date of "31 August" in Specification 3 of Charge I should read "31 August 2017" based on a change to the charge sheet made on 11 December 2017. We direct this error be corrected in a new court-martial order.